UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:06CR-37-CRS-1

JAMEL T. SMITHERS                                     MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                              RESPONDENT/PLAINTIFF

## MEMORANDUM OPINION

Movant Jamel T. Smithers filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 70). The Court reviewed the motion under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts. Upon review, the Court directed Smithers to show cause why his motion should not be dismissed as barred by the applicable statute of limitations. Smithers filed a response to the Show Cause Order. Upon review, for the reasons set forth below, the Court will deny the motion as untimely.

### I.

After entering a guilty plea, Smithers was convicted on March 5, 2007, on one count of posession with intent to distribute 50 grams or more of crack cocaine and one count of possession with intent to distribute cocaine. He was sentenced to 262 months' imprisonment. Smithers did not file a direct appeal of his conviction. He filed the instant § 2255 motion on March 7, 2017.[1]

---

[1] *See Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (under the mailbox rule, the motion is deemed filed when presented to prison officials for mailing) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

## II.

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

>(1)  the date on which the judgment of conviction becomes final;
>
>(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255(f).

When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expires. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Judgment was entered in this case on March 5, 2007. The judgment became final on March 19, 2007, upon the expiration of the ten-day period for filing a notice of appeal.[2] Smithers had one year, or until March 19, 2008, in which to timely file a motion under § 2255. Accordingly, Smithers's motion was filed almost nine years after the statute of limitations expired. Under § 2255(f), therefore, Smithers's motion appears to be time-barred and subject to summary dismissal.

---

[2] At the time Smithers was sentenced, the appeal period was 10 days, Fed. R. App. P. 4(b) (eff. Dec. 1, 1993), and the intermediate weekends and legal holidays were not counted in the computation. Fed. R. App. P. 26(a)(2) (eff. Dec. 1, 2002). Effective December 1, 2009, the appeal period is now 14 days. Fed. R. App. P. 4(b)(1)(A).

In the motion, Smithers challenges his classification as a career offender under the U.S. Sentencing Guidelines based on the recent Supreme Court decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). He states, "The sole ground seeking relief is being raised for the first time because the Supreme Court recently decided the Mathis decision, thus, apprising Defendant to the Court's erroneous use of the 'categorical approach' when it imposed sentence."

However, despite Smithers's arguments to the contrary in his memorandum in support of his § 2255 motion, the Supreme Court's decision in *Mathis* did not create a new rule of law which applies retroactively to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."). The Supreme Court gave no indication in *Mathis* that it intended its holding to be applied retroactively to cases on collateral review. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (finding that inmate "failed to make a prima facie showing that *Mathis* . . . set forth new rules of constitutional law that have been made retroactive to cases on collateral review); *United States v. Taylor*, No. 16-6223, 2016 U.S. App. LEXIS 21701, at *12 (10th Cir. Dec. 6, 2016) (holding that "*Mathis* did not announce a new rule"); *Box v. United States*, No. 16-2546, 2016 U.S. App. LEXIS 20373, at *2 (7th Cir. Jul. 20, 2016) (finding that *Mathis* "does not announce 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court[]'") (quoting § 2255(h)(2)); *Atkinson v. United States*, No. 1:16-cv-67, 2017 U.S. Dist. LEXIS 51049, at *5-6 (W.D. Mich. Apr. 4, 2017) (finding that "*Mathis* did not announce a new constitutional rule"); *United States v. King*, No. 2:09-cr-166, 2017 U.S. Dist. LEXIS 36302, at* 4-5 (S.D. Ohio Mar. 14, 2017) (concluding that "*Mathis* did not create a new substantive right which is applicable to cases pending on collateral review . . .").

Therefore, Smithers's § 2255 motion is subject to the one-year limitations period of

§ 2255(f)(1) and is time-barred. However, because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). A movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561. "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

Before dismissing the action as time-barred, the Court provided Smithers with an opportunity to respond to show cause why he is entitled to equitable tolling. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). Smithers filed a response to the Show Cause Order. He again argues that *Mathis* should be applied retroactively to his case. However, his response provides no basis for the application of equitable tolling, and he therefore fails to meet his burden in establishing that he has satisfied the elements required for equitable tolling. Therefore, equitable tolling is not appropriate in this case.

For these reasons, the Court concludes that this action is untimely. By separate Order, the Court will dismiss this action.

4

### III. CERTIFICATE OF APPEALABILITY

In the event that Smithers appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id.* at 484. In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:  July 14, 2017

　　　　　　　　　　　　　　　　　　　　　　　　　Charles R. Simpson III, Senior Judge
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Court

cc:　　Movant/Defendant, *pro se*
　　　　United States Attorney
4411.010